# BEFORE THE UNITED STATES JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE SHORT SQUEEZE ANTITRUST LITIGATION | MDL Docket No. ____ |

### PLAINTIFFS SHANE CHENG AND TERELL STERLING'S MOTION FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C.§ 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

Plaintiffs Shane Cheng and Terell Sterling (together, the "Plaintiffs") respectfully move this Panel, pursuant to 28 U.S.C. § 1407, for an order transferring to the Northern District of California *Cheng v. Ally Financial Inc.et al.* (Case No. 3:21-cv-00781-SK) and all cases filed involving similar legal claims related to the restriction in trading of securities in or around January 28, 2021 (listed and attached as "Exhibit B"; collectively, the "Short Squeeze Actions"), as well as any later-filed cases that assert similar or related claims, thereby centralizing all such cases for coordinated or consolidated pretrial proceedings.

In support of their Motion, Plaintiffs state as follows:

1. The Short Squeeze Actions each allege a conspiracy among some or all brokerages, hedge funds, and clearing houses to manipulate the prices of GameStop Corp. (GME), AMC Entertainment Holdings Inc. (AMC), American Airlines Group Inc. (AAL), Bed Bath & Beyond Inc. (BBBY), BlackBerry Ltd. (BB), Express, Inc. (EXPR), Koss Corporation (KOSS), Naked Brand Group Ltd. (NAKD), Nokia Corp. (NOK), Sundial Growers Inc. (SNDL), Tootsie Roll Industries, Inc. (TR), or Trivago N.V. (TRVG) (collectively, the "Relevant Securities") from one or more of the Defendants between January 1, 2021 through and until the anticompetitive effects of Defendants' unlawful conduct ceases.

2. The Short Squeeze actions will require resolution of overlapping—if not identical—factual and legal issues, including, by way of example and not limitation: (a) the specific types of securities for which Defendants conspired to artificially suppress prices and restrict supply; (b) the

temporal scope of Defendants' conspiracy, the breadth of the conspiracy involving the securities in the cartel's price-fixing scheme, and the concerted and coordinated acts taken by Defendants in furtherance of the conspiracy; (c) the impact of Defendants' conspiracy on the pricing and availability of the Relevant Securities; and (d) the Defendants' pretextual justifications for their anticompetitive actions.

    3.     The Short Squeeze Actions are in their early stages. No responsive pleadings or dispositive motions have been filed by any of the Defendants, nor has any discovery been conducted. Centralization of the Short Squeeze Actions at this early stage will allow the transferee court to efficiently resolve the common factual and legal issues, and to address overlapping discovery related to these issues.

    4.     Centralization of the Short Squeeze Actions, as well as all later-filed cases alleging a conspiracy among some or all of the Defendants, in the Northern District of California is appropriate and will ensure the just and efficient conduct of these actions for the following reasons:

    a.     The *Cheng* Action—filed in the Northern District—was one of the first-filed Short Squeeze Actions filed in the nation. Plaintiffs have been actively managing the litigation from the beginning. Plaintiffs have perfected service with a significant number of Defendants, with many more soon expected to follow. This is significant because Plaintiffs Cheng and Sterling name the most defendants, whom the other Short Squeeze Actions name piecemeal. In addition, Plaintiffs have begun engaging with Defendants' counsel to coordinate next-steps and to determine the most expeditious and efficient resolution of the litigation.

    b.     A plurality of Defendants are based in California, and the Northern District is a convenient MDL location that allows the parties to minimize the travel and communication burdens that will undoubtedly arise during prosecution of the Short Squeeze Actions.

    c.     Eight of the Defendants have their respective principal places of business either within the Northern District or elsewhere in California. These include Defendants at the core of the conspiracy, including but not limited to Defendants Charles Schwab Corporation; Charles Schwab & Co. Inc.; Robinhood Financial, LLC; Robinhood Markets, Inc.; Alpaca Securities LLC; Square Inc.; FF Trade Republic Growth, LLC; and Sequoia Capital Operations LLC.

    d. Plaintiffs Cheng and Sterling reside in the Northern District of California. Many of the plaintiffs in the Short Squeeze actions reside in the Northern District of California, and more still reside in California as a whole.

    e. Many of the agreements with plaintiffs contain a forum selection clause choosing the California and a choice of law provision applying California law to the claims at issue.

    f. The Northern District has significant experience in handling MDL proceedings in general, and complex antitrust class actions in particular.

  5. Plaintiffs' Motion is based on their Brief in Support of their Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 (Ex. A) and the Schedule of Actions (Ex. B), both of which are concurrently filed with this Motion, as well has any other papers and arguments submitted to the Panel prior to its ruling on this Motion.

  WHEREFORE, Plaintiffs Shane Cheng and Terell Sterling respectfully request that the Panel order that the Short Squeeze Actions, as well as any later-filed cases relating to the unlawful restriction of trading in the Relevant Securities, between January 1, 2021 and present, be transferred.

Dated: February 4, 2021    By:  /s/ *Joseph R. Saveri*
               Joseph R. Saveri

            Joseph R. Saveri (State Bar No. 130064)
            Steven N. Williams (State Bar No. 175489)
            Christopher K.L. Young (State Bar No. 318371)
            Anupama K. Reddy (State Bar No. 324873)
            **JOSEPH SAVERI LAW FIRM, INC.**
            601 California Street, Suite 1000
            San Francisco, California 94108
            Telephone: (415) 500-6800
            Facsimile: (415) 395-9940
            Email: jsaveri@saverilawfirm.com
                swilliams@saverilawfirm.com
                cyoung@saverilawfirm.com
                areddy@saverilawfirm.com

            *Counsel for Individual and Representative Plaintiffs Shane Cheng and Terell Sterling*