BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

```
*********************************************
                                              *
In re January 2021 Short Squeeze Trading Litigation   *   MDL No. 2989
                                              *
*********************************************
```

**PLAINTIFF JORDAN KRUMENACKER'S RESPONSE IN SUPPORT OF PLAINTIFFS SHANE CHENG AND TERELL STERLING'S MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407**

Plaintiff Jordan Krumenacker ("Plaintiff"), the plaintiff in the *Krumenacker v. Robinhood Financial LLC, et al.,* No. 4:21-cv-00838 (N.D. Cal.) action, by and through his undersigned counsel, respectfully submits this memorandum in support of Shane Cheng and Terell Sterling's Motion For Transfer And Coordination Or Consolidation Pursuant To 28 U.S.C. § 1407. Plaintiff agrees that the forty-two (42) pending actions in this multidistrict proceeding should be transferred and coordinated or consolidated for pretrial proceedings in the Northern District of California.

First, centralization in the Northern District of California will promote the just and efficient use of judicial resources and substantially reduce litigation costs. All of the actions before this Panel involve common questions of fact concerning the Robinhood Defendants' and others' scheme to manipulate the market and fix, suppress, maintain or stabilize the prices for certain securities, including GameStop Corp. ("GME"), AMC Entertainment Holdings Inc. ("AMC"), American Airlines Group Inc. ("AAL"), Bed Bath & Beyond Inc. ("BBBY"), BlackBerry Ltd. ("BB"), Express, Inc. ("EXPR"), Koss Corporation ("KOSS"), Naked Brand Group Ltd. ("NAKD"), Nokia Corp. ("NOK"), Sundial Growers Inc. ("SNDL"), Tootsie Roll Industries, Inc. ("TR"), or Trivago N.V. ("TRVG"). At this time, there are *forty-two* actions from *fifteen* different districts containing similar allegations, which is more than sufficient to

1

support consolidation. *See generally*, *In re Wesson Oil Mktg. & Sales Practices Litig.*, No. 2:11-cv-04038 (J.P.M.L. Oct. 13, 2011) (ordering transfer and consolidation where five related cases in two separate districts were before the Panel). Plaintiffs in the forty-two related actions are represented by many different law firms. Thus, the potential for informal coordination and cooperation between the parties in the existing actions would be difficult and unlikely. Centralization in the Northern District of California would also minimize travel and other litigation costs because Defendants Robinhood Financial LLC, Robinhood Securities, LLC, and Charles Schwab & Co., Inc. are headquartered in Northern California, as are several named defendants in related matters.

Second, centralization under 28 U.S.C. § 1407 in the Northern District of California will serve the convenience of the parties and witnesses. Fourteen actions are already pending in the district courts of California: *Cezana v. Robinhood Financial LLC, et al.*, No. 4:21-cv-00759 (N.D. Cal.); *Cheng et al. v. Ally Financial Inc. et al.*, No. 3:21-cv-00781 (N.D. Cal.); *Curiel-Ruth v. Robinhood Securities LLC et al.*, No. 3:21-cv-00829 (N.D. Cal.); *Dalton v. Robinhood Securities, LLC, et al.*, No. 4:21-cv-00697 (N.D. Cal.); *Days v. Robinhood Markets, Inc., et al.*, No. 4:21-cv-00696 (N.D. Cal.); *Feeney, et al. v. Robinhood Financial, LLC, et al.*, No. 5:21-cv-00833 (N.D. Cal.); *Gossett, et al. v. Robinhood Financial, LLC, et al.*, No. 2:21-cv-00837 (C.D. Cal.); *Kayali, et al. v. Robinhood Financial, LLC, et al.*, No. 2:21-cv-00835 (C.D. Cal.); *Krasowski, et al. v. Robinhood Financial LLC, et al.*, No. 4:21-cv-00758 (N.D. Cal.); *Krumenacker v. Robinhood Financial, LLC, et al.*, No. 4:21-cv-00838 (N.D. Cal.); *Levi Cobos v. Robinhood Financial LLC, et al.*, No. 2:21-cv-00843 (C.D. Cal.); *Moody, et al. v. Robinhood Financial, LLC, et al.*, No. 3:21-cv-00861 (N.D. Cal.); *Nordeen, et al. v. Robinhood Financial LLC, et al.*, No. 3:21-cv-00167 (S.D. Cal.); *Wieg v. Robinhood Financial LLC, et al.*, No. 3:21-

cv-00693 (N.D. Cal.). Further, the largest group of Defendants, and by extension the key documents and evidence, are either located in or are in close proximity to the Northern District of California, which will thus provide a "geographically convenient forum for this nationwide litigation." *In re Mirena IUS Levonorgestrel-Related Prod. Liab. Litig. (No. II)*, 249 F. Supp. 3d 1357 (J.P.M.L. 2017). These defendants include: Charles Schwab Corporation; Charles Schwab & Co., Inc.; Robinhood Financial, LLC; Robinhood Markets, Inc.; Alpaca Securities, LLC; Square Inc.; FF Trade Republic Growth, LLC; and Sequoia Capital Operations, LLC.

Due to the location of the majority of defendants in this matter, the lion's share of discovery will involve entities, witnesses and documents located in, or in very close proximity to, the Northern District of California. As such, the Northern District of California offers both an accessible and convenient venue for this litigation. *See In re: Capacitors Antitrust Litig. (No. III)*, 285 F. Supp. 3d 1353, 1355 (J.P.M.L. 2017) (transferring actions to the Northern District of California where centralization "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation…. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary."). In sum, the Northern District of California serves as a focal point for this litigation because it is where numerous Defendants have their principal place of business and because it serves as a convenient location for the major Defendants in this action.

Third, judges in the Northern District of California have the expertise and resources necessary to efficiently manage multi-district litigation proceedings, specifically in the areas of securities fraud and antitrust. *See In re Int'l Air Transp. Surcharge Antitrust Litig.*, 460 F. Supp. 2d 1377, 1379 (J.P.M.L. 2006) (noting that the Northern District of California is "well equipped with the resources that this complex antitrust docket is likely to require"); *In re Transpac.*

*Passenger Air Transp. Antitrust Litig.*, 536 F. Supp. 2d 1366, 1367 (J.P.M.L. 2008) (transferring antitrust MDL to the Northern District of California); *In re Lithium Ion Batteries Antitrust Litig.*, MDL 2420, No. 4:13-md-2420 (N.D. Cal. 2012); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL 1827, No. 3:07-md-1827 (N.D. Cal. 2007); *In re Capacitors Antitrust Litig. (No. III)*, 285 F. Supp. 3d 1355 (J.P.M.L. 2017); *In re: Xyrem (Sodium Oxybate) Antitrust Litigation*, MDL No. 2966, No. 5-20-md-02966; *See also In re Juul Labs, Inc. Mktg., Sales Pracs., and Prods. Liab. Litig.*, 396 F. Supp. 3d 1366 (J.P.M.L. 2019) (consolidated ten actions to the Northern District of California where panel "notified of more than forty potentially-related actions.").

Failure to transfer and coordinate or consolidate these actions pursuant to 28 U.S.C. § 1407 will result in judicial inefficiency. Defendants' alternatives, such as transfer pursuant to 28 U.S.C. § 1404, would require the litigation of a myriad of separate transfer motions in fifteen different districts, which may or may not succeed in centralizing all of the cases. Such a circumstance would exemplify precisely what § 1407 seeks to alleviate – the wasteful litigation of similar cases all over the country. The Panel can effectively eliminate such inefficiency in one fell swoop by granting the present Motion.

For the reasons stated above, Movant respectfully requests that the Panel grant the present Motion for Transfer, and enter an Order transferring all related actions, as well as any related cases that may be filed subsequently, to the Northern District of California for coordination or consolidation pursuant to 28 U.S.C. § 1407.

Dated: February 26, 2021

Respectfully submitted,

By:     /s/ Andrew J. Obergfell
Andrew J. Obergfell, Esq.
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: aobergfell@bursor.com

*Counsel for Plaintiff Jordan Krumenacker*