BEFORE THE UNITED STATES JUDICIAL
PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: JANUARY 2021 SHORT SQUEEZE TRADING LITIGATION | MDL No. 2989 |

**PLAINTIFFS DAVID MOODY AND JULIE MOODY'S RESPONSE TO ORDER TO SHOW CAUSE IN SUPPORT OF TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407**

Pursuant to Panel Rule 8.1(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiffs David Moody and Julie Moody ("Plaintiffs") in the Moody, et al. v. Robinhood Financial, LLC, et al., Case No. 3:21-cv-00861-JCS (N.D. Cal.) action, by and through undersigned counsel, respectfully submit this response brief in support of transfer and coordination pursuant to 28 U.S.C. § 1407.

## INTRODUCTION

Plaintiffs allege that Robinhood Financial, LLC, Robinhood Markets, LLC, Robinhood Securities, LLC, Citadel Securities, LLC and Citadel Enterprise Americas, LLC (collectively, "Defendants") manipulated the open-market by creating a one-way buy-sell situation by which the only option of retail investors who had already purchased the securities GameStop ("GME"), American Airlines Group, Inc. ("AAL"), AMC Entertainment Holdings ("AMC"), Bed Bath & Beyond, Inc. ("BBBY"), BlackBerry, Ltd. ("BB"), Castor Maritime, Inc. ("CTRM"), Express, Inc. (EXPR"), Koss Corp. ("KOSS"), Naked Brand Group Ltd. ("NAKD"), Nokia Corp. ("NOK"), Sundial Growers, Inc. ("SNDL"), Tootsie Roll Industries, Inc. ("TR"), or Trivago N.V. (TRVG") was to sell/liquidate their holdings.  In so doing, Defendant created a situation in which the only entities which were permitted to purchase these equities were equity firm insiders and hedge fund operators, many of whom were leveraged heavily "short" against the equities and had a vested interest in seeing the equity prices depressed so they could cover their short sales at a lower cost.

1

The actions of Defendants resulted in at least 42 cases involving similar claims related to the restriction of the above listed securities. The largest concentration of filings have occurred in the Northern District of California[1]: Cezana v. Robinhood Financial LLC et al., Case No. 5:21-cv-00759; Cheng et al. v. Ally Financial Inc. et al., Case No. 3:21-cv-00781; Curiel-Ruth v. Robinhood Securities LLC et al., Case No. 3:21-cv-00829; Dalton v. Robinhood Securities, LLC et al., Case No. 4:21-cv-00697; 3:21-cv-00697; Days v. Robinhood Markets, Inc. et al., Case No. 3:21-cv-00696; 4:21-cv-00696; Feeney et al. v. Robinhood Financial, LLC et al., Case No. 5:21-cv-00833; Gossett et al. v. Robinhood Financial, LLC et al., Case No. 2:21-cv-00833; Kayali et al. v. Robinhood Financial et al., Case No. 2:21-cv-00835; Krasowski et al. v. Robinhood Financial LLC et al., Case No. 3:21-cv-00758; Krumenacker v. Robinhood Financial, LLC, et al., Case No. 3:21-cv-00838; 4:21-cv-00838; Levi Cobos v. Robinhood Financial, LLC, et al., Case No. 2:21-cv-00843; Moody, et al. v. Robinhood Financial, LLC, et al., 3:21-cv-00861; Nordeen et al. v. Robinhood Financial, LLC, et al., Case No. 3:21-cv-00167; Wieg v. Robinhood Financial, LLC, et al., Case No. 5:21-cv-00693. All 42 actions are in their early stages and are apt for centralization and coordination.

## ARGUMENT

### I. Centralization and Consolidation of this Litigation is Appropriate Due to Common Issues Related to the Cases.

The Panel should centralize and consolidate these matters to "promote the just and efficient" of the actions of the actions for the benefit of the parties and witnesses, court, and also to significantly reduce litigation costs. 28 U.S.C. § 1407. All of the actions before this Panel involve common questions of fact concerning Defendants' manipulation of the open market by

---

[1] The Northern District of California is the Judicial District home to the largest number of U.S.-headquartered Defendants.

common scheme or conspiracy to fix, suppress, maintain or stabilize the prices of the above listed securities.

"Antitrust actions present a category of actions that the Panel almost inevitably orders transferred if there are multiple actions pending in different districts." Multidistrict Litigation Manual, § 5:14 (West 2014). Additionally, "[t]he Panel has regularly ordered transfer of class actions involving potentially overlapping or conflicting class definitions." Id.

**The Northern District of California is the Most Appropriate Venue for this Litigation.**

The Panel will generally take into consideration "where the largest number of cases is pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges." Multidistrict Litigation Manual (Fourth) § 20.131 (2004). These factors support a centralization and consolidation in the Northern District of California.

The Northern District of California has the desired judicial experience, capacity and resources to manage MDL proceedings in general and complex antitrust class actions in particular. In re Int'l Air transp. Surcharge Antitrust Litig., 460 F. Supp. 2d 1377, 1379 (J.P.M.L. 2006) (noting that the Northern District of California is "well equipped with the resources that this complex antitrust docket is likely to require.")

At least, 14 of the 42 cases are currently pending in the Northern District of California and this District is home to the largest group of Defendants, among which include Robinhood Financial, LLC and Robinhood Markets, Inc. This will provide for a "geographically convenient forum for this nationwide litigation." In re Mirena IUS Levonorgestrel-Related Prod. Liab. Litig. (No. II), 249 F. Supp. 3s 1357 (J.P.M.L. 2017). Given the location of the Robinhood Defendants,

there are a large number of discoverable documents and witnesses that exist in California, notably, Defendants' high-ranking executives. See In re Online DVD Rental Antitrust Litig., 609 F. Supp. 2d 1376-77 (J.P.M.L. 2009) (transferring cases to a district because "two of the defendant are headquartered in that district and, accordingly, relevant documents and witnesses are likely located there"). As a result, litigating the case in proximity to these Defendants will reduce litigation costs, and enhance the efficiencies of the parties, counsel, and the court. Furthermore, the Robinhood Terms and Conditions include a choice of law clause selecting the State of California to be governing law.

### II. 28 U.S.C. § 1404 Is Not Adequate Under the Circumstances and Will Inhibit the Efficiency it is Intended to Provide

Currently there are more than a dozen different districts / courts with similar cases pending. To transfer these cases under § 1404 would require parties to undertake litigation in each of these different districts, with potentially varying outcomes in a way that does not serve the courts or parties. For this reason § 1407 was created, and is a perfect fit for this particular litigation and set of circustmances as the Panel has the ability to ensure efficiency through consolidation into a multidistrict litigation, and move the cases forward without the delay of litigation under § 1404.

### CONCLUSION

For the aforementioned reasons, Plaintiffs David Moody and Julie Moody respectfully submit that the Panel transfer the In Re January 2021 Short Squeeze Trading Litigation to the United States District Court for the Northern District of California for coordination or consolidation pursuant to 28 U.S.C. § 1407.

[signature on following page]

        Respectfully submitted,

By:   /s/ Roy T. Willey IV
       Roy T. Willey, IV
       Fed ID Number: 11664
       ANASTOPOULO LAW FIRM, LLC
       32 Ann Street
       Charleston, SC 29403
       (843) 614-8888
       roy@akimlawfirm.com

**Counsel for Plaintiffs David Moody and Julie Moody and the Proposed Class**

Charleston, South Carolina
March 1, 2021