**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE:<br><br>JANUARY 2021 SHORT SQUEEZE TRADING LITIGATION | **MDL No. 2989** |

**NOTICE OF POTENTIAL TAG-ALONG ACTION**

In accordance with Rule 6.2(d) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, Defendants Robinhood Financial LLC, Robinhood Securities, LLC and Robinhood Markets, Inc. write to notify the Judicial Panel on Multidistrict Litigation of the potential tag-along action listed on the attached Schedule of Potential Tag-Along Actions. A docket sheet and complaint for the potential tag-along action is attached.

Dated: March 11, 2021

Respectfully Submitted,

CRAVATH, SWAINE & MOORE LLP

By: /s/ Kevin J. Orsini
Kevin J. Orsini
New York Bar No. 4261806
825 Eighth Avenue
New York, NY 10019
Tel:    (212) 474-1000
Fax:    (212) 474-3700
korsini@cravath.com

*Attorneys for Defendants Robinhood
Financial LLC, Robinhood Securities,
LLC and Robinhood Markets, Inc.*

**BEFORE THE UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE:<br><br>JANUARY 2021 SHORT SQUEEZE TRADING LITIGATION | **MDL No. 2989** |

**SCHEDULE OF POTENTIAL TAG-ALONG ACTIONS**

| | Plaintiffs | Defendants | District | Case No. | Judge |
|---|---|---|---|---|---|
| 1. | Taylor Thompson | Robinhood Financial LLC | Central District of California | 21-cv-02230 | — |

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE:

JANUARY 2021 SHORT SQUEEZE TRADING
LITIGATION

**MDL No. 2989**

**PROOF OF SERVICE**

Pursuant to Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on

Multidistrict Litigation, I hereby certify that true and correct copies of the Notice of Related

Action were served via CM/ECF on all registered CM/ECF users on March 11, 2021.

Dated: March 11, 2021

Respectfully Submitted,

CRAVATH, SWAINE & MOORE LLP

By: /s/ Kevin J. Orsini
Kevin J. Orsini
New York Bar No. 4261806
825 Eighth Avenue
New York, NY 10019
Tel:    (212) 474-1000
Fax:    (212) 474-3700
korsini@cravath.com

*Attorneys for Defendants Robinhood
Financial LLC, Robinhood Securities,
LLC and Robinhood Markets, Inc.*

ACCO

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:21-cv-02230

Thompson v. ROBINHOOD FINANCIAL LLC

Assigned to:

Demand: $0

Case in other court: Los Angeles County Superior Court, 21STCV04909

Cause: 28:1441 - Notice of Removal - Securities Fraud

Date Filed: 03/11/2021

Jury Demand: Defendant

Nature of Suit: 370 Other Fraud

Jurisdiction: Federal Question

**Plaintiff**

**Taylor Thompson**                     represented by     **Taylor Thompson**
                                                            PRO SE

V.

**Defendant**

**ROBINHOOD FINANCIAL LLC**     represented by     **Naeun Rim**
                                                     Bird Marella Boxer Wolpert Nessim Drooks
                                                     Lincenberg and Rhow
                                                     1875 Century Park East 23rd Floor
                                                     Los Angeles, CA 90067-2516
                                                     310-201-2100
                                                     Fax: 310-201-2110
                                                     Email: nrim@birdmarella.com
                                                     *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 03/11/2021 | 1 | NOTICE OF REMOVAL from Los Angeles County Superior Court, case number 21STCV04909 Receipt No: ACACDC-30903184 - Fee: $402, filed by defendant ROBINHOOD FINANCIAL LLC. (Attachments: # 1 Exhibit A; copies of all process, pleadings, and orders served upon Robinhood in the State Court Action) (Attorney Naeun Rim added to party ROBINHOOD FINANCIAL LLC(pty:dft))(Rim, Naeun) (Entered: 03/11/2021) |
| 03/11/2021 | 2 | CIVIL COVER SHEET filed by Defendant ROBINHOOD FINANCIAL LLC. (Rim, Naeun) (Entered: 03/11/2021) |

Naeun Rim - State Bar No. 263558
    nrim@birdmarella.com
Grace W. Kang - State Bar No. 271260
    gkang@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Robinhood
Financial LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TAYLOR THOMPSON, on behalf of himself and all other California residents similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ROBINHOOD FINANCIAL LLC,<br><br>　　　　Defendant. | Case No. 21-2230<br><br>[Los Angeles Superior Court Case No. 21STCV04909]<br><br>**NOTICE OF REMOVAL**<br><br>Action Filed: February 8, 2021 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Robinhood Financial LLC ("Robinhood") hereby removes the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division. This removal is pursuant to 15 U.S.C. §§ 77p(c), 78bb(f)(2) and 28 U.S.C. § 1446.

In support of this Notice of Removal, Robinhood states the following:

## I.      STATEMENT OF JURISDICTION

1.      On February 8, 2021, Plaintiff filed a civil putative class action Complaint entitled *Taylor Thompson, et al. v. Robinhood Financial LLC*, Case No. 21STCV04909, in the Superior Court of the State of California, County of Los Angeles (the "State Court Action"). Robinhood was served with the summons and Complaint on February 9, 2021. Attached hereto as **Exhibit A** are true and correct copies of all process, pleadings, and orders served upon Robinhood in the State Court Action.

2.      The action is removable to this Court under the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. §§ 77p(c) and 78bb(f)(2), because it is a covered class action based on state law and involves a covered security. *See Northstar Fin'l Advisors, Inc. v. Schwab Investments*, 904 F.3d 821, 828-30 (9th Cir. 2013) (holding that SLUSA "must be construed broadly" and that "plaintiffs cannot avoid preclusion through artful pleading" (internal citation omitted)); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1223 (9th Cir. 2009) (explaining that "Congress's purpose in enacting SLUSA was to channel securities fraud litigation away from state-law class actions and into the federal courts").

3.      Plaintiff alleges that Robinhood made untrue statements or omissions of material fact in connection with the purchase or sale of covered securities, and that Robinhood used or employed manipulative devices in connection with the

1  purchase or sale of covered securities.  *See* 15 U.S.C. §§ 77p(b) and 78bb(f)(1).

2  Plaintiff alleges that Robinhood made "affirmative misrepresentations and material

3  omissions regarding the services it would provide."  (Compl. ¶ 76.)  Plaintiff alleges

4  that the "information Defendant misrepresented and concealed would be and is

5  material to reasonable consumers" and that "at no time did [Defendant] disclose that

6  it would restrict trading for all of its customers without regard for the nature of the

7  trading activity."  (*Id.* ¶ 77.)  Plaintiff alleges that Robinhood's "conduct,

8  misrepresentations, and omissions have also impaired the competition within the

9  market it was attempting to service."  (*Id.* ¶ 78.)

10      4.     Plaintiff alleges that he placed purchase orders with Robinhood for

11  stock in AMC Entertainment Holdings, Inc. ("AMC").  (Compl. ¶¶ 25-28.)  Plaintiff

12  purports to bring claims on behalf of Robinhood customers "who placed a purchase

13  order with Robinhood for a BLOCKED STOCK but that order was not fulfilled."

14  (*Id.* ¶ 32.)  Plaintiff defines the term "BLOCKED STOCK" in Paragraph 2 of his

15  Complaint to mean eight specific stocks, one of which is AMC.  (*See id.* ¶ 2.)

16      5.     This action is a "covered class action" under SLUSA because the

17  Complaint seeks to recover damages on behalf of more than 50 persons or

18  prospective class members, and the Complaint alleges that questions of law or fact

19  common to those persons or members of the prospective class, without reference to

20  issues of individualized reliance on an alleged misstatement or omission,

21  predominate over any questions affecting only individual persons or members.  *See*

22  15 U.S.C. §§ 77p(f)(2)(A) and 78bb(f)(5)(B); (Compl. ¶ 32.)

23      6.     This action involves a "covered security" as defined under SLUSA

24  because AMC and the other seven securities at issue in the Complaint (which

25  Plaintiff defines in Paragraph 2 as "BLOCKED STOCK") were listed or authorized

26  for listing on the New York Stock Exchange at the time during which Plaintiff

27  alleges that the misrepresentations or omissions occurred.  *See* 15 U.S.C.

28  §§ 77r(b)(1)(A) and 78bb(f)(5)(E); (Compl. ¶ 2.)

## II.     TIMELINESS OF REMOVAL

7.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of service of the Complaint upon Robinhood.  This Notice of Removal is thus timely filed in accordance with 28 U.S.C. § 1446(b).

## III.     PROCEDURAL REQUIREMENTS

8.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Robinhood are attached as **Exhibit A** to this Notice of Removal.

9.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy will be filed with the Clerk of the Superior Court of California, County of Los Angeles.

## IV.     DEFENSES

10.     By removing this action to the United States District Court for the Central District of California, Western Division, Robinhood does not waive any jurisdictional or other defenses that may be available to it, including, but not limited to, lack of personal jurisdiction and/or improper venue.

WHEREFORE, Robinhood respectfully requests that the Court assume full jurisdiction over this action as if Plaintiff originally filed the Complaint in this Court and that the above-captioned action be removed from the Superior Court of the State of California, County of Los Angeles, to this Court.

DATED:  March 11, 2021

Naeun Rim
Grace W. Kang
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By:    _/s/ Naeun Rim_
                Naeun Rim
        Attorneys for Defendant Robinhood
        Financial LLC

# EXHIBIT A

**Table of Contents to Exhibit A**

| Page | Document |
|:---:|---|
| 3 | Notice of Case Assignment |
| 5 | Complaint |
| 25 | Civil Case Cover Sheet |
| 31 | Summons |
| 32 | Declaration of T. Thompson |
| 34 | Initial Status Conference Order |
| 40 | Order Re: Newly Assigned Case |
| 42 | Certificate of Mailing for Court Order Re: Newly Assigned Case |
| 43 | Nunc Pro Tunc Order |
| 44 | Certificate of Mailing for Nunc Pro Tunc Order |

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/08/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Drew _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV04909 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Amy D. Hogue | 7 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 02/08/2021
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By S. Drew _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

3

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

Paul R. Kiesel, State Bar No. 119854
 *kiesel@kiesel.law*
Jeffrey A. Koncius, State Bar No. 189803
 *koncius@kiesel.law*
Cherisse H. Cleofe, State Bar No. 290152
 *cleofe@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel:   310-854-4444
Fax:   310-854-0812

Richard C. Dalton, State Bar No. 268598
 *rick@rickdaltonlaw.com*
**RICHARD C. DALTON, LLC**
P.O. Box 358
Carencro, Louisiana 70520
Tel:    (337) 371-0375

[*Additional Counsel on signature page.*]

Attorneys for Plaintiff TAYLOR THOMPSON,
on behalf of himself and all other California
residents similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 0 8 2021

Sherri R. Carter, Executive Officer/Clerk of Court

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| TAYLOR THOMPSON, on behalf of himself and all other California residents similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>ROBINHOOD FINANCIAL LLC,<br><br>          Defendant. | Case No. **21STCV04909**<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**(2) BREACH OF FIDUCIARY DUTY**<br><br>**(3) VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT (Cal. Civ. Code §§ 1750, *et seq.*)**<br><br>**(4) VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW (Cal. Bus. & Prof. Code § 17200, *et seq.*)**<br><br>**(5) VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW (Cal. Bus. & Prof. Code § 17500, *et seq.*)**<br><br>**(6) NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

CLASS ACTION COMPLAINT

Plaintiff TAYLOR THOMPSON ("THOMPSON" or "Plaintiff"), on behalf of himself and all other California residents similarly situated (the "Class," as defined below), alleges as follows upon information and belief based, *inter alia*, upon investigation conducted by Plaintiff and his counsel, except as to those allegations pertaining to Plaintiff personally, which are alleged upon knowledge:

**INTRODUCTION**

1.     Defendant ROBINHOOD FINANCIAL LLC ("ROBINHOOD") is an online, introducing broker, with a wildly popular platform. It has marketed itself to the public that by using its services on a phone or computer a person could make unlimited, commission-free trades. ROBINHOOD became very popular as a result of its marketing and advertising emanating from its headquarters in California and it has positioned itself as a way for the masses to trade stock, options and cryptocurrency. In the past it has used the slogan "Let the people trade."[1]

2.     ROBINHOOD has been very successful in its marketing and hit a chord with California consumers who flocked to the platform to make the unlimited commission-free trades promised by ROBINHOOD. Unfortunately, however, ROBINHOOD was too successful for itself and did not have the capital, operational technology and capabilities to appropriately handle trades for all of its customers. When trading volumes increased, it purposefully, willfully, and knowingly restricted trading in certain stocks including, but not limited to, Gamestop Corp. ("GME"), AMC Entertainment Holdings Inc. ("AMC"), BlackBerry Ltd ("BB"), Nokia Oyj ("NOK"), Bed Bath & Beyond, Inc. ("BBBY"), Express, Inc. ("EXPR"), Koss Corporation ("KOSS") and Naked Brand Group Ltd ("NAKD") (collectively, the "BLOCKED STOCKS") thereby depriving California consumers the ability to trade as had been promised.

3.     ROBINHOOD knew, or should have known, that the model that it had marketed and built would be unsustainable in market conditions such as recently experienced. Nevertheless, by only focusing on growth–and not the ability to deliver the products and services promised in its

---

[1] @RobinhoodApp, Twitter (Mar. 23, 2016, 11:30 AM), https://twitter.com/RobinhoodApp/status/712708069369782272.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

2

1  advertising and elsewhere—ROBINHOOD ignored its own mantra to let the people trade, and

2  blocked access to millions of customers for self-serving reasons. As a direct result, Plaintiff and the

3  Class were damaged as set forth below.

### PARTIES, JURISDICTION AND VENUE

5      4.    Plaintiff, TAYLOR THOMPSON, resides in Los Angeles, California. Plaintiff has

6  been an active user of ROBINHOOD since 2019 when he was drawn to the platform by its promise

7  of unlimited commission-free trades.

8      5.    Defendant ROBINHOOD FINANCIAL LLC is a Delaware Corporation with

9  headquarters in Menlo Park, California. It is an "Introducing Broker" and has over 10 million daily

10  active users of its platform.

11      6.    This Court has jurisdiction over this action pursuant to California Code of Civil

12  Procedure sections 395 and 410.10. This action is brought as a class action on behalf of Plaintiff and

13  Class members pursuant to California Code of Civil Procedure section 382.

14      7.    This Court has personal jurisdiction over ROBINHOOD because such Defendant is

15  headquartered, and has its principal place of business, in California.

16      8.    Venue is proper in this Court pursuant to California Code of Civil Procedure sections

17  395 and 395.5 because ROBINHOOD regularly conducts business in this county, unlawful acts or

18  omissions have occurred in this county, and Plaintiff resides in this county.

### FACTUAL BACKGROUND

20      9.    ROBINHOOD is a trading app and platform that lets investors trade stocks, options,

21  exchange-traded funds and cryptocurrency.

22      10.    ROBINHOOD operates a website and mobile apps for iPhone, Apple Watch, and

23  Android. The company has no storefront offices and operates entirely online from its headquarters

24  in California.

25      11.    ROBINHOOD has more than 10 million users and its customers place trades through

26  its website or its "app".

27      12.    ROBINHOOD has experienced significant growth as a relatively new online

28  brokerage firm and has hastily brought on millions of clients without investing in the operational

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

3

CLASS ACTION COMPLAINT

capabilities to appropriately handle the trading for all of its clients.

13.     Over the past few years ROBINHOOD reportedly has increased from 6 million subscribers in 2018, to 10 million by the end of 2019 and surpassed 13 million subscribers in May 2020.[2]

14.     In 2019, ROBINHOOD raised $323 million in funding at a $7.6 billion valuation.

15.     ROBINHOOD has extensively marketed itself to California consumers which has fueled its expansion. Examples of ROBINHOOD's marketing slogans during this hasty expansion period include:

- Jan. 6, 2018

# Investing.
# Now for the rest
# of us.

Robinhood lets you learn to invest in the stock market for free.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[2] Maggie Fitzgerald, *Start-up Robinhood Tops 10 Million Accounts Even as Industry Follows in Free-Trading Footsteps*, CNBC (Dec. 4, 2019), https://www.cnbc.com/2019/12/04/start-up-robinhood-tops-10-million-accounts-even-as-industry-follows-in-free-trading-footsteps.html; Nathaniel Popper, *Robinhood Has Lured Young Traders, Sometimes With Devastating Results*, N.Y. Times (July 8, 2020), https://www.nytimes.com/2020/07/08/technology/robinhood-risky-trading.html

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

4

CLASS ACTION COMPLAINT

- Jan. 1, 2019

# Invest for Free

Invest in stocks, ETFs, options, and
cryptocurrencies, all commission-free,
right from your phone or desktop.

- July 1, 2019

# Invest
# Commission-Free

Invest in stocks, ETFs, options, and
cryptocurrencies, all commission-free,
right from your phone or desktop.

- Jan. 1, 2020

### Break Free from Commission Fees

Make unlimited commission-free trades in stocks, funds, and options with Robinhood Financial. The same goes for buying and selling cryptocurrencies with Robinhood Crypto. Zero commission fees.

- May 28, 2020

## Break Free from Commission Fees

Make unlimited commission-free trades in stocks, ETFs, and
options with Robinhood Financial, as well as buy and sell
cryptocurrencies with Robinhood Crypto. See our <u>fee schedule</u>
to learn more about cost.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

16. The onboarding of so many clients by ROBINHOOD was done without regard as to whether it could adequately service its clientele as set forth herein. Moreover, ROBINHOOD's on-boarding allowed clients to open option accounts even though they lacked the appropriate level of experience.[3]

17. On or around January 22, 2021, shares of stocks such as Gamestop Corp. ("GME") and others began to rise.

18. At that time, ROBINHOOD allowed retail investors to trade stocks on the open market.

19. On or about January 28, 2021, ROBINHOOD deprived Plaintiff and the members of the Class the ability to use its services by intentionally, abruptly, purposefully, willfully and knowingly preventing the legitimate trading of the BLOCKED STOCKS. Meaning, Plaintiff and the Class could no longer invest, day trade or, in some instances, even search for the BLOCKED STOCKS on ROBINHOOD.

20. ROBINHOOD's actions were done purposefully, knowingly and intentionally due to calls for capital that had been placed on it by the Depository Trust & Clearing Corporation ("DTCC").[4] The DTCC is Wall Street's main clearinghouse for stock trades.

21. On the morning of January 28, 2021, the DTCC notified ROBINHOOD that it had to put up $3 billion in additional collateral as a cushion against the trades of its customers. According to Vlad Tenev, a co-founder of ROBINHOOD, this was "an order of magnitude more" than usually required.

22. ROBINHOOD, not having such capital reserves on hand, negotiated to reduce the amount being asked of it and in exchange for it having to post only $700 million ROBINHOOD agreed to limit trading, allowing customers to sell, but not buy, the BLOCKED STOCKS.

---

[3] Nathaniel Popper, *Robinhood Has Lured Young Traders, Sometimes with Devastating Results*, N.Y. Times (July 8, 2020) (noting "at least part of Robinhood's success appears to have been built on a Silicon Valley playbook of behavioral nudges and push notifications, which has drawn inexperienced investors into the riskiest trading").

[4] Nathaniel Popper, et al., *Robinhood, Under the Gun, Raises $2.4 Billion*, N.Y. Times (Feb. 1, 2021), https://www.nytimes.com/2021/02/01/business/robinhood-gamestop-trading.html

23. Not all broker dealers reacted to the increase in trading volume by restricting trade and restricting their customers as ROBINHOOD did. For example, another brokerage house took a much more nuanced approach to protect itself. Rather than using the sledgehammer that ROBINHOOD applied to its customers, this other company restricted trading in certain volatile stocks by requiring purchasers to have the cash in their account to transact the purchase. Further, if a customer had previously held any of the stocks on margin, that customer had to reduce the margin balance to zero. Finally, for a short position a customer had to have a balance in their account of 300% of the value of the security shorted so as to hedge some of the risk if the price appreciated. Instead of distinguishing between customers who had the cash to buy the BLOCKED STOCKS and those that were doing so in other positions, ROBINHOOD restricted purchases by all of its clients.

24. The Financial Industry Regulatory Authority ("FINRA") regulates broker dealers like ROBINHOOD. FINRA's Rules and Guidance 5310.01 ("Best Execution and Interpositioning Rule") requires that ROBINHOOD "must make every effort to execute a marketable customer order that it receives promptly and fully." By not responding at all to some of its clients' orders to purchase BLOCKED STOCKS, ROBINHOOD breached this requirement, and caused substantial losses due solely to its own, and self-serving, intentional acts. As explained by ROBINHOOD in a recent blog post: "[T]hat's what led us to put temporary buying restrictions in place on a small number of securities that the clearinghouses had raised their deposit requirements on. It was not because we wanted to stop people from buying these stocks. We did this because the required amount we had to deposit with the clearinghouse was so large—with individual volatile securities accounting for hundreds of millions of dollars in deposit requirements—that we had to take steps to limit buying in those volatile securities to ensure we could comfortably meet our requirements."[5] Simply put, faced with additional deposit requirements ROBINHOOD could not meet, and lacking the technology to restrict only certain accounts, ROBINHOOD choose a remedy that unnecessarily violated the Best Execution Rule, and in so doing, put its own interests above those of its customers.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

---

[5] *What happened this week*, Robinhood Blog (Jan. 29, 2021),
https://blog.robinhood.com/news/2021/1/29/what-happened-this-week

**PLAINTIFF'S EXPERIENCE WITH ROBINHOOD AND THE BLOCKED STOCKS**

25.     On January 26, 2021, Plaintiff deposited $200 into his ROBINHOOD account to add to his balance of $35.00 as he wanted to buy $235.00 of AMC stock at the market price of approximately $8.00 per share. After placing that buy order on ROBINHOOD, Plaintiff decided to place an order for additional shares of AMC and deposited $200 more into his account. Plaintiff again placed a market order with ROBINHOOD. From his understanding and experience in having traded on the ROBINHOOD platform for more than one year, Plaintiff thought that he was now the owner of $435 of AMC stock and he did not check his account for the balance of the day.

26.     On January 27, 2021, Plaintiff checked his account on his phone after waking up and saw that AMC was now trading at around $16.00 per share. He was pleased that the value of his AMC position had doubled overnight—or so he thought—until Plaintiff realized his ROBINHOOD account still had $435 in cash and that he owned zero shares of AMC. Confused, as this had never happened to Plaintiff before when using ROBINHOOD, Plaintiff looked in his account history and it showed that his market buys of AMC had been cancelled by ROBINHOOD without explanation. Plaintiff was confused and looked online where he discovered that many other ROBINHOOD users were reporting the same experience—market buys were being canceled by ROBINHOOD without explanation.

27.     Undeterred, on January 27, 2021, Plaintiff again tried using ROBINHOOD to buy $435 worth of AMC at the price of $16.00 per share (double of what he originally "purchased" it at the day before). Moments later Plaintiff saw that *despite having the cash in his ROBINHOOD account to buy the stock, his purchase was cancelled by ROBINHOOD once again*. Nevertheless, he again tried to place a market order on ROBINHOOD to buy AMC but this time for the lower amount of $200 and his purchase was completed at $18.79 per share. This experience of having small orders go through and others inexplicably cancelled by ROBINHOOD continued throughout the day.

28.     On January 28, 2021, Plaintiff eagerly awoke at market open and saw that AMC was now trading at around $8.63 per share. He decided this was a good opportunity to buy additional shares but when he attempted to do so on ROBINHOOD, Plaintiff received the following message

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1  on his screen: "You can close out your position in this stock, but you cannot purchase additional

2  shares." Far from the *unlimited* commission-free trades Plaintiff had been promised, ROBINHOOD

3  was instead now promising only unlimited sales.

4        29.    Plaintiff's experience was not unique and at times, some members of the Class could

5  not even find certain stocks on the ROBINHOOD app, although all of those stocks are publicly

6  traded companies available on other platforms.

7        30.    Plaintiff and the members of the Class suffered harm directly as a result of

8  ROBINHOOD's action as set forth herein.

9  **CLASS ALLEGATIONS**

10        31.    Plaintiff brings this action, on behalf of himself and all others similarly situated, as a

11  class action.

12        32.    **Class Definition**. The proposed Plaintiff Class that Plaintiff seeks to represent is

13  composed of and defined as follows:

14      All California residents who are or were ROBINHOOD customers from
       January 2021 through the present who placed a purchase order with
15      ROBINHOOD for a BLOCKED STOCK but that order was not fulfilled.

16        33.    Plaintiff reserves the right to amend the class definition and to create subclasses, if

17  necessary, to maintain a cohesive class that does not require individual inquiry to determine liability.

18        34.    Excluded from the Class are: (a) Defendant and its officers, directors, employees,

19  principals, affiliated entities, controlling entities, agents, and other affiliates; (b) the agents,

20  affiliates, legal representatives, heirs, attorneys at law, attorneys in fact, or assignees of such persons

21  or entities described herein; and (c) the Judge(s) assigned to this case and any members of their

22  immediate families.

23        35.    Plaintiff is a member of the Class he seeks to represent.

24        36.    This action is properly maintainable as a class action.

25        37.    The Class for whose benefit this action is brought is so numerous that joinder of all

26  Class members is impracticable. While Plaintiff does not presently know the exact number of Class

27  members, Defendant has millions of customers.

28  ///

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

9
CLASS ACTION COMPLAINT

38. The Class is readily ascertainable and direct notice can be provided from the records maintained by Defendant, or by publication, the cost of which is properly imposed on Defendant.

39. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of other Class members and Plaintiff has the same interests as other Class members. Plaintiff has no interests that are antagonistic to, or in conflict with, the interests of the other members of the Class. Plaintiff is a more than adequate representative of the Class and will fairly and adequately protect the interests of the Class.

40. The prosecution of separate actions by individual Class members could create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which could establish incompatible standards of conduct for Defendant or adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the members of the Class not parties to the adjudications.

41. Furthermore, the expense and burden of individual litigation makes it impracticable for the individual members of the Class to redress the wrongs done to them individually. If a class action is not permitted, Class members will continue to suffer losses and Defendant's misconduct will continue without proper remedy.

42. Defendant has acted and refused to act on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

43. Plaintiff anticipates no unusual difficulties in the management of this litigation as a class action.

44. For the above reasons, a class action is superior to other available methods for the fair and efficient adjudication of this action.

45. There are questions of law and fact which are common to Class members and which predominate over any questions affecting only individual members of the Class. A class action will generate common answers to the below questions, which are apt to drive the resolution of the litigation:

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

a.      Whether ROBINHOOD owed a duty of good faith and fair dealing to Plaintiff and members of the Class and, if so, whether that duty was breached resulting in damage;

b.      Whether ROBINHOOD owed a fiduciary duty to Plaintiff and members of the Class, and, if so, whether that duty was breached resulting in damage;

c.      Whether ROBINHOOD represented to Plaintiff and the members of the Class that its services had certain characteristics, uses and benefits, a particular quality, and/or were improperly advertised violating the California Consumers Legal Remedies Act (Cal. Civ. Code § 1750 *et seq.*);

d.      Whether ROBINHOOD's actions relating to the provision of its service were unlawful, unfair or fraudulent business acts or practices thereby violating California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*);

e.      Whether ROBINHOOD advertised its services to Plaintiff and the members of the Class in a manner that was untrue and misleading thereby violating California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*);

f.      Whether ROBINHOOD owed a duty of care to Plaintiff and the members of the Class which it breached resulting in damage;

g.      Whether Defendant's conduct harmed Plaintiff and the Class and, if so, the extent of the injury;

h.      Whether this case may be maintained as a class action;

i.      Whether and to what extent Class members are entitled to damages and other monetary relief;

j.      Whether and to what extent Class members are entitled to equitable relief including, but not limited to, restitution and a preliminary and/or a permanent injunction; and,

k.      Whether and to what extent Class members are entitled to attorneys' fees and costs.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

## FIRST CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing

### (By Plaintiff Against Defendant)

46.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

47.    In every contract or agreement there is an implied promise of good faith and fair dealing. This implied promise means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract or agreement.

48.    As ROBINHOOD should have been aware, good faith means honesty of purpose without any intention to mislead or to take unfair advantage of another. Generally speaking, it means being faithful to one's duty or obligation.

49.    ROBINHOOD violated its duty to act fairly and in good faith.

50.    Plaintiff and the members of the Class entered into a relationship with ROBINHOOD as set forth herein, to wit, that Plaintiff and the Class would use the ROBINHOOD platform for "unlimited commission-free trading".

51.    Plaintiff and the members of the Class did all, or substantially all, of the significant things that the agreement required of them to do or, as applicable, they were excused from having to do those things.

52.    All conditions required for ROBINHOOD's performance had occurred, namely, that Plaintiff and Class members were entitled to perform "unlimited commission-free trading" of all securities as promised to them.

53.    ROBINHOOD prevented Plaintiff and Class Members from receiving the benefits under the agreement as set forth above, namely, it prevented trading in the BLOCKED STOCKS and in fact, would allow only their sale so as to benefit ROBINHOOD.

54.    By doing the acts set forth above, ROBINHOOD did not act fairly and in good faith.

55.    Plaintiff and the Class were harmed by ROBINHOOD's conduct.

/ / /

/ / /

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**SECOND CAUSE OF ACTION**

**Breach of Fiduciary Duty**

**(By Plaintiff Against Defendant)**

56.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

57.     Broker dealers like ROBINHOOD owe a fiduciary duty to their customers, such as Plaintiff and the members of the Class. This fiduciary duty imposed on ROBINHOOD required it to act competently, and with the utmost good faith in the best interests of Plaintiff and the members of the Class.

58.     Plaintiff and the members of the Class as ROBINHOOD's customers trusted it to provide the services advertised and promised, namely, unlimited commission-free trading.

59.     The fiduciary duty arising from the relationship between Plaintiff and the members of the Class, on the one hand, and ROBINHOOD, on the other hand, was breached when it prevented Plaintiff and members of the Class from freely trading in the BLOCKED STOCKS and access to their accounts and actual investment funds.

60.     ROBINHOOD breach of its fiduciary duties directly and proximately caused damage to Plaintiff and the members of the Class.

**THIRD CAUSE OF ACTION**

**Violation of California Consumers Legal Remedies Act**

**Cal. Civ. Code §§ 1750, *et seq.***

**(By Plaintiff Against Defendant)**

61.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

62.     ROBINHOOD's representations and/or concealments about the services it offered on its trading platform were false, misleading, and/or deceptive acts within the meaning of California consumer protection statutes including the Consumers Legal Remedies Act.

63.     Plaintiff and members of the Class reasonably relied on the false, misleading, and/or deceptive representations and concealments of material facts by Defendant.

13

CLASS ACTION COMPLAINT

64. Plaintiff and Class members are "consumers" within the meaning of California Civil Code section 1761(d).

65. Defendant is a "person" within the meaning of California Civil Code section 1761(c).

66. Plaintiff's and each Class member's use of ROBINHOOD's platform constitutes a "transaction" within the meaning of California Civil Code section 1761(e).

67. ROBINHOOD's trading platform is a "service" within the meaning of California Civil Code section 1761(b) that was used by Plaintiff and members of the Class for personal use.

68. Defendant's statements regarding its services violated the Consumers Legal Remedies Act (Cal. Civ. Code §1750, *et seq.*), in at least the following respects:

    a. ROBINHOOD represented that its service had characteristics, uses and benefits that it did not actually have (*i.e.*, the ability the engage in unlimited commission-free trading of all stocks) in violation of Section 1770(a)(5);

    b. ROBINHOOD represented that its service had a particular quality that it did not actually have (*i.e.*, the ability the engage in unlimited commission-free trading of all stocks) in violation of Section 1770(a)(7); and

    c. ROBINHOOD advertised their service with an intent not to sell it as advertised (*i.e.*, that the service would allow for unlimited commission-free trading of all stocks), in violation of Section 1770(a)(9).

69. ROBINHOOD falsely represented and/or concealed material facts regarding the ability of consumers to trade on its platform, information that is relied upon by consumers, such as Plaintiff and Class members, in making a decision about which services to use.

70. Defendant's affirmative misrepresentations and material omissions, and its publication of these material inaccuracies regarding the ROBINHOOD trading platform constitute unfair, deceptive, and misleading business practices in violation of California Civil Code section 1770(a).

71. Plaintiff, on behalf of himself and the Class, seeks injunctive relief, only, on this Cause of Action.

///

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

14
CLASS ACTION COMPLAINT

## FOURTH CAUSE OF ACTION

### Violation of California Unfair Competition Law

### Cal. Bus. & Prof. Code § 17200, *et seq.*

### (By Plaintiff Against Defendant)

72.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

73.     California Business and Professions Code section 17200 prohibits any "unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising…"

74.     ROBINHOOD has engaged in unlawful, fraudulent, and unfair business acts and practices in violation of the UCL. There is no countervailing benefit to ROBINHOOD's conduct as complained of herein.

75.     ROBINHOOD has engaged in unlawful acts or practices by its violations of the Consumers Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*), as set forth through the acts and practices alleged in this Complaint.

76.     ROBINHOOD's affirmative misrepresentations and material omissions regarding the services it would provide constitute unfair, deceptive, and misleading business practices.

77.     The information Defendant misrepresented and concealed would be and is material to reasonable consumers in that at no time did ROBINHOOD disclose that it would restrict trading for all of its customers without regard for the nature of the trading activity. Further, at no time did ROBINHOOD disclose that it did not have the capabilities to properly service its customers in the provision of its services as became evident when it restricted trading across the board relating to the BLOCKED STOCKS.

78.     ROBINHOOD's conduct, misrepresentations, and omissions have also impaired the competition within the market it was attempting to service. ROBINHOOD was onboarding customers without regard to its own backend capabilities or the sophistication of its clientele to the detriment of its competitors.

/ / /

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1    79.    Defendant's conduct, misrepresentations, and omissions have prevented Plaintiff

2    and Class members from making fully informed decisions about whether to use ROBINHOOD's

3    services and had they in fact known of the true nature of ROBINHOOD's services and capabilities,

4    they would not have placed their money with ROBINHOOD in the first place, instead putting their

5    hard-earned money with a different broker.

6    80.    Plaintiff and Class members have suffered an injury in fact, including the loss of

7    money and/or property, as a result of Defendant's unfair, unlawful, and/or deceptive practices, as

8    set forth herein.

9    81.    The wrongful conduct alleged herein occurred, and continues to occur, in the conduct

10   of Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of

11   conduct that is still perpetuated and repeated, in the State of California.

12   82.    Plaintiff requests that this Court enjoin ROBINHOOD from continuing its unfair,

13   unlawful, and/or deceptive practices and to restore Plaintiff and Class members any money

14   Defendant acquired through Defendant's unfair competition including, but not limited to, restitution.

15   **FIFTH CAUSE OF ACTION**

16   **Violation of California False Advertising Law**

17   **Cal. Bus. & Prof. Code § 17500, *et seq.***

18   **(By Plaintiff Against Defendant)**

19   83.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs

20   above as though fully set forth herein.

21   84.    California Business and Professions Code section 17500 states: "It is unlawful for

22   any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property . . .

23   to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to

24   be made or disseminated . . . from this state before the public in any state, in any newspaper or other

25   publication, or any advertising device, . . . or in any other manner or means whatever, including over

26   the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the

27   exercise of reasonable care should be known, to be untrue or misleading."

28   ///

85. ROBINHOOD engaged in advertising and marketing in which it caused statements to be made or disseminated throughout California about the ability of consumers to engage in unlimited commission-free trading with intent to directly or indirectly induce consumers like Plaintiff and Class members to use ROBINHOOD.

86. ROBINHOOD's statements about unlimited commission-free trading were false, misleading, and likely to deceive the public and/or have deceived the public by falsely representing the characteristics of them, as set forth above.

87. At the time Defendant made and disseminated the statements alleged herein, it knew or should have known that the statements were untrue or misleading, and Defendant acted in violation of California Business and Professions Code section 17500.

88. ROBINHOOD's statements regarding unlimited commission-free trading were material to Plaintiff's and Class members' decision to use the platform, and Plaintiff and Class members reasonably relied on Defendant's statements.

89. Had Plaintiff and Class members known that in fact ROBINHOOD did not intend to offer unlimited commission-free trades on all stocks and that it would instead restrict trading in the BLOCKED STOCKS as set forth herein, they reasonably would not have become ROBINHOOD customers.

90. Plaintiff and members of the Class suffered an injury in fact, including the loss of money or property, as a result of Defendants' unfair, unlawful or deceptive practices.

91. Plaintiff, on behalf of himself and on behalf of the Class, seeks restitution, injunctive relief, and all other allowable relief under Business and Professions Code section 17500.

## SIXTH CAUSE OF ACTION

### Negligence

### (By Plaintiff Against Defendant)

92. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

93. ROBINHOOD owed a duty of reasonable care to Plaintiff and the Class with respect to the provision of their services.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

17

94. ROBINHOOD breached its duties to Plaintiff and the members of the Class by failing to execute trades in accordance with the FINRA Best Execution Rule. This failure was a result of, among other things, not having sufficient back office operations that would allow ROBINHOOD to take minimally restrictive actions so as to address the events and circumstances that transpired during the relevant period.

95. As a direct and proximate result of ROBINHOOD's actions, Plaintiff and the Class suffered damage.

### PRAYER FOR RELIEF

Plaintiff, on behalf of himself and other putative Class members, prays for judgment against ROBINHOOD as follows:

1. An order certifying the proposed Class, designating Plaintiff as the named representative of the Class, and designating the undersigned as Class Counsel;

2. A declaration that Defendant is required to provide notice to the Class and to pay for such Notice;

3. An award to Plaintiff and the Class of damages in an amount to be proven at trial on all Causes of Action except Three through Five;

4. For injunctive relief on Counts Three through Five, and any other equitable relief allowed by law on Counts Four and Five;

5. An award of prejudgment and post-judgment interest, as provided by law;

6. An award of attorneys' fees and costs, as allowed by law; and

7. For such other and further relief as the Court may deem just and proper.

DATED: February 8, 2021                    Respectfully submitted,

                                           **KIESEL LAW LLP**


                                           By: _____
                                               Paul R. Kiesel
                                               Jeffrey A. Koncius
                                               Cherisse H. Cleofe

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

18

1  **RICHARD C. DALTON, LLC**
   Richard C. Dalton

2

3  David S. Markun, State Bar No. 150579
      *dmarkun@mzclaw.com*

4  **MARKUN ZUSMAN FRENIERE**
   **COMPTON LLP**

5  17383 West Sunset Blvd., Suite A380
   Pacific Palisades, California 90272

6  Tel: 310-454-5900
   Fax: 310-454-5970

7

8  Edward S. Zusman, State Bar No. 154366
      *ezusman@mzclaw.com*

9  **MARKUN ZUSMAN FRENIERE**
   **COMPTON LLP**

10 465 California Street, Suite 401
   San Francisco, California 94104

11 Tel: 415-438-4515
   Fax: 415-434-4505

12

13 Attorneys for Plaintiff TAYLOR THOMPSON,
   on behalf of himself and all other California

14 residents similarly situated

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

19
23

# DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and on behalf of the Class, demands a jury trial on all issues so triable.

DATED: February 8, 2021

Respectfully submitted,

**KIESEL LAW LLP**

By: _____
Paul R. Kiesel
Jeffrey A. Koncius
Cherisse H. Cleofe

**RICHARD C. DALTON, LLC**
Richard C. Dalton

David S. Markun, State Bar No. 150579
  *dmarkun@mzclaw.com*
**MARKUN ZUSMAN FRENIERE
COMPTON LLP**
17383 West Sunset Blvd., Suite A380
Pacific Palisades, California 90272
Tel: 310-454-5900
Fax: 310-454-5970

Edward S. Zusman, State Bar No. 154366
  *ezusman@mzclaw.com*
**MARKUN ZUSMAN FRENIERE
COMPTON LLP**
465 California Street, Suite 401
San Francisco, California 94104
Tel: 415-438-4515
Fax: 415-434-4505

Attorneys for Plaintiff TAYLOR THOMPSON,
on behalf of himself and all other California
residents similarly situated

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Paul R. Kiesel, State Bar No. 119854<br>Jeffrey A. Koncius, State Bar No. 189803<br>Cherisse H. Cleofe, State Bar No. 290152<br>Kiesel Law LLP, 8648 Wilshire Blvd., Beverly Hills, CA 90211<br>TELEPHONE NO.: (310) 854-4444　FAX NO.: (310) 854-0812<br>ATTORNEY FOR *(Name):* Plaintiff | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>FEB 08 2021<br><br>Sherri R. Carter, Executive Officer/Clerk of Court |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

CASE NAME:
Taylor Thompson v. Robinhood Financial LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 21STCV04909 |
|---|---|---|
| [✓] Unlimited　[ ] Limited<br>(Amount　(Amount<br>demanded　demanded is<br>exceeds $25,000)　$25,000 or less) | [ ] Counter　[ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not　complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties　　d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve　　e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence　　f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary　b. [✓] nonmonetary; declaratory or injunctive relief　c. [ ] punitive
4. Number of causes of action *(specify):* 6
5. This case [✓] is [ ] is not　a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 8, 2021
Jeffrey A. Koncius
_____
(TYPE OR PRINT NAME)　　▶　_____
　　　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

---

CM-010 [Rev. July 1, 2007]      **CIVIL CASE COVER SHEET**      Page 2 of 2

Case 2:21-cv-02230-ODW-JEM Document 1 Filed 03/12/21 Page 127 of 436 Page ID #:32

| SHORT TITLE: Taylor Thompson v. Robinhood Financial, LLC | CASE NUMBER **21STCV04909** |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

27

| SHORT TITLE: Taylor Thompson v. Robinhood Financial, LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Taylor Thompson v. Robinhood Financial, LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

29

| SHORT TITLE: Taylor Thompson v. Robinhood Financial, LLC | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | Pursuant to Local Rule 2.3.(a)(1)(A) - Class Actions to be filed in Central District |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| | | |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___February 8, 2021___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

30

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ROBINHOOD FINANCIAL LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TAYLOR THOMPSON, on behalf of himself and all other California residents similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 08 2021

Sherri R. Carter, Executive Officer/Clerk of Court

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Los Angeles Superior Court - Central District <br> 111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER: <br> *(Número del Caso):* <br> **21STCV04909** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey A. Koncius, Kiesel Law LLP, 8648 Wilshire Blvd., Beverly Hills, CA 90211, (310) 854-4444

DATE: FEB 08 2021          Sherri R. Carter, Clerk
*(Fecha)*          Clerk, by **STEVEN DREW** , Deputy
                    *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ROBINHOOD FINANCIAL LLC

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☒ other *(specify):* Corp. Code 17701.16
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Paul R. Kiesel, State Bar No. 119854
  *kiesel@kiesel.law*
Jeffrey A. Koncius, State Bar No. 189803
  *koncius@kiesel.law*
Cherisse H. Cleofe, State Bar No. 290152
  *cleofe@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel:    310-854-4444
Fax:    310-854-0812

Richard C. Dalton, State Bar No. 268598
  *rick@rickdaltonlaw.com*
**RICHARD C. DALTON, LLC**
P.O. Box 358
Carencro, Louisiana 70520
Tel:    (337) 371-0375

*[Additional Counsel on signature page.]*

Attorneys for Plaintiff TAYLOR THOMPSON,
on behalf of himself and all other California
residents similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 08 2021

Sherri R. Carter, Executive Officer/Clerk of Court

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| TAYLOR THOMPSON, on behalf of himself and all other California residents similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBINHOOD FINANCIAL LLC,<br><br>　　　　Defendant. | Case No.　**21STCV04909**<br><br>**CLASS ACTION**<br><br>**DECLARATION OF PLAINTIFF TAYLOR THOMPSON PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1780(d)** |

*KIESEL LAW LLP*
*Attorneys at Law*
*Beverly Hills, California*

DocuSign Envelope ID: 8E488F1D-6890-40F7-94B4-2663904947B6

1

## DECLARATION OF TAYLOR THOMPSON

2  I, Taylor Thompson, declare as follows:

3  1.  I am a party in the above-entitled action. I have personal knowledge of the facts set

4 forth herein. If called as a witness, I could and would competently testify to the matters stated

5 herein.9

6  2.  I make this Declaration pursuant to California Civil Code section 1780(d) to state

7 facts showing that this action has been commenced in the proper county for trial in this action.

8  3.  On January 26 and 27, 2021, I used the Robinhood platform to place several orders,

9 which Robinhood canceled. These events occurred while I was in Los Angeles, California.

10  4.  To the best of my knowledge, this action has been commenced in the proper judicial

11 district because a substantial part of the transaction giving rise to the liability of Defendant occurred

12 within this district, because Defendant has received substantial compensation from doing business

13 in this district, and because it is subject to the Court's personal jurisdiction with respect to this

14 action.

15  I declare under penalty of perjury under the laws of the State of California that the foregoing

16 is true and correct.

17  Executed February 8, 2021, at Los Angeles, California.

18

19          *Taylor Thompson*

20          Taylor Thompson

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

---

1

**DECLARATION OF TAYLOR THOMPSON
PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1780(d)**

1

2

3

FiLED
Superior Court of California
County of Los Angeles

4

FEB 23 2021

5

Sherri R. Carter, ~~~~~~~~~~ Officer/Clerk
*Alfredo Morales* deputy
ALFREDO MORALES

6

7

8

9 ## SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 ## FOR THE COUNTY OF LOS ANGELES

11

| | |
|---|---|
| 12  Taylor Thompson | ) Case No.: 21STCV04909 |
| 13            Plaintiff, | ) <br> ) INITIAL STATUS CONFERENCE ORDER |
| 14  Vs | ) <br> ) (COMPLEX LITIGATION) |
| 15  | ) **REVISED AS OF 6/18/2020** |
| 16  Robinhood Financial LLC | ) Case assigned for all purposes to <br> ) Judge Amy D. Hogue |
| 17            Defendant | ) Spring Street Courthouse <br> ) Department 7 |
| 18  | ) ISC Date: May 07, 2021 at 10:00 a.m. <br> ) |
| 19 | |

20

21       This case has been assigned for all purposes to Judge Amy D. Hogue, Complex

22  Litigation, Department 7.  PLEASE READ THE COURTROOM INFORMATION FOR

23  DEPARTMENT 7 POSTED ON THE COURT'S WEBSITE (www.lacourt.org.)

24

25       The Court has scheduled an Initial Status Conference on May 07, 2021 at 10:00 a.m. in

26  Department 7, Second Floor, 312 North Spring Street, Los Angeles, California 90012.

27  **Department 7 is scheduled to implement new technology (LACourtConnect) on July 6,**

28

1

2020. This technology will allow parties and counsel to appear by telephone or video-conference. To minimize social contact and avoid COVID-19 contamination of employees working inside the courthouse, the Court **strongly encourages** all parties and counsel to appear remotely (via LACourtConnect) rather than in person.[1] If any party or counsel believes he or she has good cause to appear in person, please post a request on the e-service message board at least two days before the appearance. When appearing via telephone or video-conference, please call in from a quiet place and bear in mind that the technology only allows one person to be heard at a time. Please pause frequently so that the Court can interject questions and direct the discussion to the issues that are most important to the Court.

**To minimize foot traffic in the courthouse during the COVID-19 pandemic, Department 7 no longer accepts paper filings or courtesy copies.**

The purpose of the Initial Status Conference is to identify the most fair and efficient way of proceeding with the case. To that end, the Court strongly encourages the parties to propose any and all approaches to case management that will promote the fair and efficient handling of the case. The Court is particularly interested in identifying dispositive or significant issues that may be addressed earlier rather than later in the case. For example, if an important issue in the case is the admissibility of critical evidence (such as expert testimony), an early motion *in limine* to decide that issue may be the most efficient way to proceed. If the Court's interpretation of provisions in a contract is a key issue, it may make sense for the plaintiff to amend the complaint

---

[1] To prevent the spread of COVID-19, everyone in the courthouse is currently required to wear a mask and maintain social distancing.

(or the defendant to amend the answer) to attach a copy of the contract so that the court can adjudicate the issue in a demurrer.

The Court orders counsel for all parties to confer via telephone, videoconference or other real time technology, at least **20 days** before the Initial Status Conference. The purpose of the meeting is to discuss the following issues so that counsel can prepare a Joint Statement to be filed with the Court five court days before the Initial Status Conference. **All parties in Department 7 must sign up with an e-service provider and activate a message board so that the Court can communicate with counsel prior to the ISC. The Court orders the parties to agree upon and sign up with an e-service provider (Case Anywhere, File & ServeXpress, or Case Homepage) at least 15 days before to the ISC. So that the Court can promptly issue an order appointing the e-service provider, the Court orders Plaintiff's counsel to identify the selected e-service provider by sending an email to Dept. 7 at SSCDept7@lacourt.org at least 10 days prior to the ISC. Please remember that electronic service is not the same as electronic filing. At present, only traditional methods of filing (physical delivery of original papers or fax filing) are available in the Complex departments. To reserve a hearing date, please telephone the courtroom staff at (213) 310-7007 when the motion is ready to be filed.**

Plaintiff's counsel should take the lead in preparing the Joint Statement and in ensuring that it includes a brief description of the facts and causes of action and addresses the following questions.

1) Are there any issues of judicial recusal or disqualification?

2) Are any parties improperly named as defendants?

3) Will either side challenge jurisdiction or venue or move to compel arbitration?

3

4) What are the key legal and factual issues affecting each side's evaluation of this case?

5) Are any of these key issues suitable for an early adjudication? For example, does it make sense for the court to promptly adjudicate a statute of limitation defense, interpret a provision in a statute, adjudicate the adequacy of a class representative, or decide the admissibility of critical evidence?

6) Is the most efficient procedure for presenting key issues to the court a motion, bifurcated trial, motion in limine, motion to certify or deny class certification, or another proceeding?

7) How and when do the parties plan to engage in the various forms of discovery?[2]

8) Does it make sense to bifurcate certain issues for discovery or trial?

9) How will the parties preserve evidence and uniformly identify documents produced in discovery?

10) Do the parties need to execute a joint stipulation for protective order? The court recommends the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

11) Will the parties employ a mediator or ask the Court to order a mandatory settlement conference as a means of alternative dispute resolution (ADR)?

12) Does any party have insurance (indemnity or reimbursement) and are there any potential coverage issues that may affect settlement.

---

[2] If electronically stored information must be produced, the court encourages the parties to have their respective IT consultants/employees participate in the meet and confer process addressing (1) the information management systems employed by the parties; (2) the location and custodians of information (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; (5) appropriate search criteria for focused requests.

4

In addition to addressing these questions, the parties' Joint Statement must include the following information.

13) The estimated size of any putative class.[3]

14) A deadline for adding and serving any new parties.

15) The parties' selected e-service provider (Case Anywhere, FileandServeXpress, or Case Homepage).[4]

16) A description (including case numbers) of any related cases pending in other courts (including class actions with overlapping class definitions).

17) Whether the parties stipulate that discovery and/or pleading stays entered by the Court for case management purposes are excluded from the five year rule under Code of Civil Procedure Section 583.310.

18) A service list identifying all primary and secondary counsel along with their firm names, addresses, telephone numbers, email addresses and fax numbers.

19) Recommended dates and times for the following:

    a.   The next status conference.

    b.   Mediation completion.

    c.   A filing deadline (and proposed briefing schedule) for key motions or proceedings, if any.

---

[3] In class action/PAGA Initial Status Conferences, the court generally orders the parties to utilize the procedure approved in *Bel-Aire West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, sharing the cost equally.

[4] E-service does not effectuate a justiciable filing with the court. Until Los Angeles Superior Court activates e-filing for the complex civil departments, the parties must file or fax file paper documents with the court. Uploading a document onto the e-service provider's website provides notice to the court and to the parties but does not place them in the public record or effectuate a filing with the court.

To the extent the parties are unable to agree on the matters to be addressed in the Joint

Statement, each side may state its position in point/counterpoint fashion.

The Court directs each defendant to file a Notice of Appearance for purposes of

identifying and serving all counsel. The Notice of Appearance shall be without prejudice to any

affirmative defense, cross complaint, affirmative defense or jurisdictional challenge.

**The Court stays all other proceedings in this action**. The Court issues the stay to

assist the Court and the parties in this "complex" case by ensuring, among other things, an

orderly schedule for briefing and hearings on procedural and substantive challenges to the

complaint. This stay precludes the filing of any answer, demurrer, motion to strike, or motion

challenging the jurisdiction of the Court. Although this stay applies to formal discovery, it does

not prevent the parties from informally exchanging documents or information that may assist in

their initial evaluation of the issues presented in this case. Any future stay ordered by the Court

for purposes of case management is not a stay under Code of Civil Procedure section 583.310

unless the Court so orders.

The Court orders Plaintiffs' counsel to serve this Initial Status Conference Order on

counsel for Defendant(s), or if counsel is not known, on Defendant(s) within five (5) days of the

date of this Order. If the Complaint has not been served as of the date of this Order, Counsel for

Plaintiff must serve the Complaint within five (5) days of the date of this Order.

Dated:     FEB 2 3 2021

AMY D. HOGUE

Judge of the Superior Court

6

39

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 7

**21STCV04909**                                                          February 23, 2021
**TAYLOR THOMPSON vs ROBINHOOD FINANCIAL LLC**                            9:14 AM

Judge: Honorable Amy D. Hogue                    CSR: None
Judicial Assistant: A. Morales                   ERM: None
Courtroom Assistant: T. Bivins                   Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re Newly Assigned Case

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has randomly assigned this case to this department
for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
02/23/2021 at 10:00 AM in this department. At least 20 days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. The Initial Status Conference Order is to help the Court and
the parties manage this complex case by developing an orderly schedule for briefing, discovery,
and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of
Appearance shall not constitute a waiver of any substantive or procedural challenge to the
Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to
Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex
litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand
dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.

SEE NUNC PRO TUNC MINUTE ORDER OF 02/23/2021 9:18 AM

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 7

**21STCV04909**                                                      February 23, 2021
**TAYLOR THOMPSON vs ROBINHOOD FINANCIAL LLC**              9:14 AM

Judge: Honorable Amy D. Hogue            CSR: None
Judicial Assistant: A. Morales           ERM: None
Courtroom Assistant: T. Bivins           Deputy Sheriff: None

All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service. Certificate of Mailing is attached.

SEE NUNC PRO TUNC MINUTE ORDER OF 02/23/2021 9:18 AM

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

02/23/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ A. Morales _____ Deputy

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Taylor Thompson

DEFENDANT/RESPONDENT:
Robinhood Financial LLC

**CERTIFICATE OF MAILING**

CASE NUMBER:
21STCV04909

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re Newly Assigned Case) of 02/23/2021, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Paul R. Kiesel
Kiesel Law LLP
8648 Wilshire Blvd
Beverly Hills, CA 90211

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 02/23/2021

By: A. Morales
Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 7

**21STCV04909**                                                                      February 23, 2021
**TAYLOR THOMPSON vs ROBINHOOD FINANCIAL LLC**                          9:18 AM

Judge: Honorable Amy D. Hogue            CSR: None
Judicial Assistant: A. Morales           ERM: None
Courtroom Assistant: T. Bivins           Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Nunc Pro Tunc Order

It appearing to the Court that through inadvertence and/or clerical error, the minute order of 02/23/2021 in the above-entitled action does not properly reflect the Court's order. Said minute order is ordered corrected nunc pro tunc as of 2/23/2021, as follows:

By striking: Initial Status Conference is set for 02/23/2021 at 10:00 AM in this Department.

By substituting: Initial Status Conference is set for 05/07/2021 at 10:00 AM in this Department.

Counsel for plaintiff is ordered to give notice.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/23/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ A. Morales _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Taylor Thompson | |
| DEFENDANT/RESPONDENT:<br>Robinhood Financial LLC | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV04909 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Nunc Pro Tunc Order) of 02/23/2021 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Paul R. Kiesel
Kiesel Law LLP
8648 Wilshire Blvd
Beverly Hills, CA 90211

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 02/23/2021

By: A. Morales
Deputy Clerk

**CERTIFICATE OF MAILING**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Taylor Thompson, on behalf of himself and all other California residents similarly situated | Robinhood Financial LLC |

| (b) County of Residence of First Listed Plaintiff   Los Angeles County | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| Kiesel Law LLP<br>8648 Wilshire Boulevard, Beverly Hills, California 90211-2910<br>Telephone: (310) 854-4444 | BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.<br>1875 Century Park East, 23rd Floor, Los Angeles, California 90067-2561<br>Telephone: (310) 201-2100 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding  ☒ 2. Removed from State Court  ☐ 3. Remanded from Appellate Court  ☐ 4. Reinstated or Reopened  ☐ 5. Transferred from Another District (Specify)  ☐ 6. Multidistrict Litigation - Transfer  ☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND**: ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23**: ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT**: $ unknown

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class action complaint alleging breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, violation of Cal. Civ. Code §§ 1750, et seq., violation of Cal. Bus. & Prof. Code § 17200, et seq., violation of Cal. Bus. & Prof. Code § 17500, et seq., and negligence.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **TORTS** | ☐ 535 Death Penalty | ☐ 880 Defend Trade Secrets Act of 2016 (DTSA) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | **PERSONAL PROPERTY** | **Other:** | **SOCIAL SECURITY** |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☒ 370 Other Fraud | ☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 485 Telephone Consumer Protection Act | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | **BANKRUPTCY** | **FORFEITURE/PENALTY** | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | **LABOR** | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 445 American with Disabilities-Employment | ☐ 790 Other Labor Litigation | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act | |
| | | | ☐ 448 Education | | |

**FOR OFFICE USE ONLY:**    Case Number:

| CV-71 (10/20) | CIVIL COVER SHEET | Page 1 of 3 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes ☐ No<br><br>If "no, " skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br><br>☐ Yes ☒ No<br><br>If "no, " skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br><br>☐ Yes ☒ No<br><br>If "no, " skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | **A.**<br>Orange County | **B.**<br>Riverside or San Bernardino County | **C.**<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes ☒ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | ☐ Yes ☒ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?      ☒ NO      ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☐ NO      ☒ YES

If yes, list case number(s):      21-cv-00835, 21-cv-00837

**Civil cases** are related when they (check all that apply):

☒ A. Arise from the same or a closely related transaction, happening, or event;

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

---

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**      /s/ Naeun Rim      DATE: 03/11/21

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

---